**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000359
22-MAY-2018
08:27 AM**

NO. CAAP-17-0000359

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
KRYSTAL KAHANA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(HONOLULU DIVISION)
(CASE NO. 1DTA-16-02281)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Krystal Kahana (**Kahana**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on March 10, 2017, and Notice of Entry of Judgment and/or Order and Plea/Judgment, filed on April 10, 2017 (collectively, **April 10, 2017 Judgment**), in the District Court of the First Circuit, Honolulu Division (**District Court**).[1] Kahana was convicted of Operating a Vehicle Under the Influence of an

---

[1] The Honorable James H. Ashford presided.

Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) (Supp. 2017).[2]

On appeal, Kahana raises two points of error, contending that: (1) the District Court erred by denying her August 12, 2016 motion to suppress because she was not advised of her Miranda rights and did not waive her Miranda rights while being subjected to custodial interrogation during a traffic stop; and (2) there was insufficient evidence to convict her.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kahana's points of error as follows:

(1) Kahana claims that her statements that she had some drinks earlier in the night, her agreement to participate in field sobriety tests, her answers to medical rule-out questions, her response that she understood the instructions to the field sobriety tests and had no questions, and Officer Jared Spiker's (Officer Spiker) observations of her performance on the field sobriety tests should have been suppressed. Kahana does not dispute, however, that she was initially pulled over pursuant to a valid traffic stop after Officer Spiker observed her vehicle

---

[2] HRS § 291E-61(a)(1) states:

**§291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; . . .

2

straddling two lanes for five to ten seconds without signaling and she had an expired safety check.[3]

A defendant is not in custody for purposes of Miranda merely because he or she has been pulled over pursuant to a valid traffic stop. State v. Kaleohano, 99 Hawai'i 370, 376, 56 P.3d 138, 144 (2002). Here, Kahana was not in custody merely by virtue of being pulled over during a traffic stop. Accordingly, Kahana was not subjected to custodial interrogation prior to or while performing the standardized field sobriety tests; therefore, she was not required to be advised of her rights under Miranda v. Arizona, 384 U.S. 436 (1966), based on these circumstances alone.

In addition, Kahana admits that she consented to participate in the field sobriety tests when asked by Officer Spiker. Officer Spiker did not order Kahana to exit her vehicle to perform the field sobriety tests. Under the totality of the circumstances, we conclude that Kahana was not in custody based on the time, place, and length of the interrogation, the nature of the questions asked, the conduct of the police at the time of the interrogation because she consented to participate in the field sobriety tests. State v. Kazanas, 138 Hawai'i 23, 35, 375 P.3d 1261, 1273 (2016).

---

[3] Kahana cites State v. Tsujimura, 140 Hawai'i 299, 400 P.3d 500 (2017), for the proposition that her post-seizure statements and non-verbal communicative responses were obtained in violation of her right to remain silent. In Tsujimura, the supreme court held that a person has the right to remain silent before an arrest is made. Id. at 310-11, 400 P.3d 511-12. Tsujimura, however, is distinguishable because, in that case, the issue was whether the defendant's pre-arrest silence could be used against him substantively as an implication of guilt, not whether non-custodial, pre-arrest statements made by a defendant can be used as evidence. Id. at 311-14, 400 P.3d at 512-15.

In order for a defendant's statements to be admitted into evidence, it need not be shown that the defendant was advised of his or her rights, if the defendant's statements are not the product of custodial interrogation. Kaleohano, 99 Hawai'i at 377-78, 56 P.3d at 145-46. As stated above, Kahana was not in custody and, thus, she was not subjected to custodial interrogation which required advisement of her Miranda rights. Therefore, her statements to Officer Spiker were admissible.

Admission of Kahana's performance on the standardized field sobriety tests does not violate her right against self-incrimination. The right against self-incrimination is not necessarily implicated whenever a person suspected of criminal activity is compelled in some way to cooperate in developing evidence which may be used against him or her. State v. Wyatt, 67 Haw. 293, 302, 687 P.2d 544, 551 (1984). In Wyatt, the court stated that observations of a defendant's performance on field sobriety tests was an exhibition of physical characteristics of coordination. Id. at 303, 687 P.2d at 551. Thus, the Wyatt court held that since the performance on field sobriety tests was not communication nor testimony, the trial court did not err by refusing to suppress the field sobriety test observations. Id. at 301-03, 687 P.2d at 550-51. For these reasons, we conclude that Kahana's first point of error is without merit.

(2) Kahana contends that, absent the erroneously admitted observations of her performance on the standardized field sobriety tests, there was not substantial evidence to support her conviction. However, we have concluded that the

4

District Court did not err by refusing to suppress observations of Kahana's actions and statements to Officer Spiker.

Officer Spiker observed Kahana straddle two lanes for five to ten seconds while driving on Keʻeaumoku Street, which is a public way, street, road, or highway in the County of Honolulu, State of Hawaiʻi. Officer Spiker noticed Kahana had a strong odor of alcohol on her breath and glassy and watery eyes. During the horizontal gaze nystagmus test, Kahana turned her head three times despite being instructed not to do so. While Officer Spiker explained the walk-and-turn test, Kahana could not keep her balance. During the walk-and-turn test, Kahana missed one heel-toe during the nine steps forward and stepped off the line, picked up her feet during a turn, missed one heel-toe during the nine steps back and stepped off the line, and failed to audibly count nine steps in each direction, all contrary to Officer Spiker's instructions. During the one-leg stand test, Kahana's body swayed side to side about two inches. She also raised her arms more than six inches and put her foot down twice, contrary to the instructions.

When the evidence adduced in the trial court is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), we conclude that there was sufficient evidence to support Kahana's conviction.

Therefore, the District Court's April 10, 2017 Judgment is affirmed.

DATED: Honolulu, Hawai'i, May 22, 2018.

On the briefs:

Alen M. Kaneshiro,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge